New York        Madrid
Menlo Park      Tokyo
Washington DC   Beijing
London          Hong Kong

# Davis Polk

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 6/5/2018

**Lawrence Portnoy**

Davis Polk & Wardwell LLP      212 450 4874 tel
450 Lexington Avenue           212 701 5874 fax
New York, NY 10017             lawrence.portnoy@davispolk.com

Applicants shall effect service of the subpoenas on Mr. Bhargava by certified mail to his residence and to his counsel, if any, and by leaving copies of the subpoenas with a person of suitable age and discretion at his residence and/or affixing copies to the door of his residence. In addition, Applicants shall email the subpoenas to Mr. Bhargava and/or his counsel, if any.

June 4, 2018

Re:    *In re: Application of The Children's Investment Fund Foundation (UK), Sir Christopher Hohn, and Axon Partners, LP for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, 1:18-mc-00104-VSB

The Honorable Vernon S. Broderick
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Broderick:

We represent Applicants The Children's Investment Fund Foundation (UK), Sir Christopher Hohn, and Axon Partners, LP in the above-captioned matter. We write to respectfully request authorization to serve subpoenas *duces tecum* and *ad testificandum* on Anurag Bhargava via substitute service, specifically by serving copies of the subpoenas via certified mail and, if possible[1], by leaving copies of the subpoenas with a person of suitable age and discretion at his dwelling and/or affixing copies of the subpoenas to the door of his dwelling.

On March 21, 2018, Applicants filed an *ex parte* Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 in aid of foreign proceedings (the "Application") concerning a group of Mauritius private equity funds. (Doc. 1.)  On May 18, 2018, the Court issued an order (the "Order") granting the Application and authorizing Applicants to take discovery from Mr. Bhargava and the three other Respondents who were the subject of the Application. The Court ordered compliance with the subpoenas for document testimony within 14 days from the date of the Order (i.e., by June 1, 2018), and by June 29, 2018 for deposition testimony. (Doc. 11.)

Applicants have served the subpoenas *duces tecum* and *ad testificandum* on all of the Respondents other than Mr. Bhargava. Applicants have made several attempts to serve on Mr. Bhargava.[2]  A process server attempted to serve Mr. Bhargava at his home address on four separate occasions: May 24, 2018 at 6:24 p.m., May 25, 2018 at 11:09 a.m., May 30, 2018 at 9:20 a.m., and May 31, 2018 at 9:30 a.m. *See* Ex. A, Granados Affidavit at 1-2. On the first, second and fourth occasions,

_____

[1] The process server has reported being unable to reach Mr. Bhargava's floor, due to the elevator being locked. *See* Ex. A, Granados Affidavit at 1.

[2] The subpoenas served on Respondents other than Mr. Bhargava (and the subpoenas that the Applicants attempted to serve on Mr. Bhargava) inadvertently included TCI Fund Management, Ltd. ("TCI") in the case caption. TCI is not a party to this proceeding.

no one responded. *Id.* On May 30, a person who identified himself as Ajay answered the door and stated that Mr. Bhargava had left for India. *Id.* at 1.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). "[T]he language of Rule 45 does not explicitly demand personal service of a subpoena," or "prohibit[] alternative means of service." *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) (quoting *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009)). Accordingly, courts have permitted substitute service where "such service 'reasonably insures actual receipt of the subpoena by the witness' and 'comports with due process' insofar as it is 'reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections.'" *Id.* at 454 (quoting *JPMorgan*, 2009 WL 1313259, at *3).

Mailing copies of the subpoenas to Mr. Bhargava via certified mail, leaving copies with a person of suitable age and discretion, and/or affixing copies to the door of his dwelling are adequate alternate means of service under these circumstances. Such methods of alternate service are reasonably likely to ensure that Mr. Bhargava will receive the subpoenas and are reasonably calculated under the circumstances to provide Mr. Bhargava with notice and opportunity to present objections. Courts in this district have previously found that similar alternate methods of service meet the "delivery" requirement of Rule 45.[3]

Further, as one court in this district has noted, "[s]ome cases have suggested that alternative service under Rule 45 must be accomplished in accordance with Rule 4, which in turn, permits service on an individual made in accordance with state law where the district court sits or where service is made." *Sec. & Exch. Comm'n*, 322 F.R.D. at 455 (citation omitted). New York authorizes service by mailing a summons to a respondent's last known residence in conjunction with delivery to a person of suitable age and discretion at the respondent's dwelling or, if that is not feasible, affixing it to the door of the recipient's dwelling in conjunction with mailing to the last known residence. *See* CPLR §§ 308(2), 308(4).[4]

For the reasons set forth above, Applicants respectfully request that the Court issue an order authorizing substitute service of process for subpoenas *duces tecum* and *ad testificandum* on Anurag Bhargava by serving copies of the subpoenas via certified mail at Mr. Bhargava's New York address and, if possible, leaving copies of the subpoenas with a person of suitable age and discretion at his dwelling at the same address and/or affixing copies of the subpoenas to the door of

---

[3] *See, e.g., id.* at 455 (ordering substitute service by mailing subpoena to recipient at the address provided in his Bar registration and federal court filing by certified mail, emailing the subpoena, faxing the subpoena, and calling and leaving a voicemail for the recipient informing him that he had been served); *Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14 Civ. 1783(PAE), 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014) (granting motion to serve witness with subpoenas *duces tecum* and *ad testificandum* by attaching copies of the subpoenas to the door of the witness's residence, mailing copies to the witness by certified mail, and mailing and emailing copies of the subpoenas to the witness's attorney in another pending case); *JPMorgan*, 2009 WL 1313259, at *2-3 (finding alternate service by means of certified mail sufficient because it "reasonably insure[d] actual receipt of the subpoena," met the "delivery" requirement of Rule 45, provided the recipient with notice of the obligation to appear at a deposition, and comported with due process); *Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (same).

[4] *See Ultradent*, 2002 WL 31119425, at *2 (condoning the view that "any means of service in accordance with New York procedural law should be sufficient to satisfy Rule 45 requirements") (citing *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 n.1 (E.D.N.Y 1997)); *cf. First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 55 (2d Cir. 2002) (finding service of a subpoena sufficient under the Federal Rules of Civil Procedure where, after the first attempt to serve the recipient was "foiled," the "process server attached the subpoena to the door of the [recipient's agent] in an addressed envelope, and sent another copy to [the recipient's] then-counsel of record").

The Hon. Vernon S. Broderick                 3                              June 4, 2018

Mr. Bhargava's dwelling at the same address.  Once the subpoenas are served, Applicants intend to discuss revised return dates with Mr. Bhargava or his counsel.


Respectfully submitted,


Lawrence Portnoy

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x Civil Action No. 1:18-mc-00104-VSB
In re Ex Parte Application of The Children's
Investment Fund Foundation (UK), TCI Fund
Management Ltd., Sir Christopher Hohn, and
Axon Partners, LP

                                                      AFFIDAVIT OF
                                                       ATTEMPTED
-----------------------------------------------------------------x          SERVICE

STATE OF NEW YORK              )
                                 s.s.:)
COUNTY OF NEW YORK  )

     I, NICHOLAI GRANADOS, being duly sworn, depose and say, I am not a party in this action and am over the age of eighteen years.

     I am a licensed process server with Serving by Irving, Inc. bearing license number 2028666. I was assigned to effectuate service of a Letter Dated May 24, 2018, Subpoena to Produce Documents, Information, Or Objects Or to Permit Inspection of Premises in a Civil Action with Schedules A-C, Subpoena To Testify at a Deposition In a Civil Action with Schedules A-B and a witness fee of $45.50 upon Anurag Bhargava at the given address: 77 Hudson Street, Apt. 6, New York, NY 10013 in the within captioned matter for the law firm Davis Polk & Wardwell LLP.

     On May 24, 2018 at 6:24 PM, I arrived at the given address: 77 Hudson Street, New York, NY 10013. At the location there is a residential building with an intercom system. There are no names listed on the intercom system. I pressed the doorbell for apartments 5 and 6, and I did not receive an answer.

     On May 25, 2018 at 11:09 AM, I returned to the given address. I again rang the bell for apartment 6 and similar to my earlier attempt, I did not receive an answer. During my attempt, I was able to gain access inside the building because a tenant let me inside. However, I was unable to get onto the 6th floor due to the elevators being locked. In the lobby I noticed the mailboxes for the building. I looked at the mailboxes and saw a mailbox with the last name, "Bhargava" printed in bold letters for apartment 6. I then left the premises.

     On May 30, 2018 at 9:20 AM, I again returned to given address. I rang the doorbell for apartment 6 and a male individual answered. After speaking with the male individual through the intercom, he let me inside the building and unlocked the elevator for me. Once I reached apartment 6, the male individual came out. I announced that I had legal papers for Mr. Bhargava and the male gestured to me for the documents. After I handed him the documents, the individual looked through the documents and stated that he was not Mr. Bhargava and identified himself as, "Ajay". Ajay informed me that Bhargava left for India and did not provide any further details. I became suspicious and as I went inside the elevator, I questioned, "Ajay" again and again, Ajay denied he was Bhargava and ushered me into the elevator. Once I was inside the lobby, I looked on the internet for a picture of Bhargava and after finding said picture, I went back to apartment 6 in order to determine whether "Ajay" matched the picture.

     I knocked on the door and again, "Ajay" answered the door. During my conversation with Ajay, he became agitated and again denied he was Mr. Bhargava. As our heated conversation progressed, it became apparent from our exchange and that Ajay did not match the photo of Bhargava that Ajay was not Bhargava. I then further questioned Ajay of when Bhargava would be back from India and he refused to give any further information and strongly suggested that I leave the premises.

On May 31, 2018 at around 9:30 AM until 9:50 AM, I attempted service again at the given address. I rang the doorbell for apartment 6 and I did not receive an answer. I tried to gain access inside the building, but no one answered. I then left the premises.

After due diligence, I was unable to serve Anurag Bhargava with the said documents at the given address.

Nicholai Granados
License No. 2028666

Sworn to before me this
31st day of May, 2018

Notary Public

JOHN DICANIO
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC #01DI4977768
COMMISSION EXPIRES 2/11/2019